UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

GUY BUCK,

   Petitioner,

v.                 Case No. 2:14-CV-93

DUNCAN MACLAREN,        HON. GORDON J. QUIST

   Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On August 2, 2016, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R & R) recommending that the Court deny Petitioner's habeas petition and deny Petitioner a certificate of appealability. In response, Petitioner filed a motion for reconsideration, which the Court construes as an Objection to the Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b), upon receiving an objection to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Petitioner's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and the petition denied.

In his Objection, Petitioner requests that the Court review two issues. First, Petitioner requests that the Court reconsider a statement that the prosecutor made during his closing argument commenting about Petitioner's presence in the victim's trailer for two and a half hours as reflecting on Petitioner's awareness of what was being done to the victim. (ECF No. 6-11 at PageID.1452–53.) The magistrate judge considered this portion of the prosecutor's closing

argument in his discussion of Petitioner's prosecutorial misconduct claim and concluded that the prosecutor had not commented on Petitioner's "prearrest silence." (R & R at 29.) The magistrate judge did not err in concluding that this statement did not deny Petitioner his right to due process, nor did he err in concluding that the state court's decision on this claim did not result in a decision that was contrary to, or resulted in an unreasonable application of, clearly established law as determined by the United States Supreme Court.

Petitioner's second request is that the Court review the magistrate judge's statement on page 29 of the R & R in footnote 2 that the prosecutor misstated the law to the jury. Petitioner asserts that such misstatement could have made an impact at his trial and may produce a different result on retrial. However, as the magistrate judge observed, Petitioner did not raise this a claim on habeas review. Petitioner does not argue otherwise in his Objection and may not raise the claim now. Accordingly, the Court will overrule Petitioner's Objection.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Petitioner's claims, including his objections, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Petitioner's claims was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 2, 2016 (ECF No. 9) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objection (ECF No. 10) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

A separate judgment will issue.


Dated: August 24, 2016        /s/ Gordon J. Quist
       GORDON J. QUIST
       UNITED STATES DISTRICT JUDGE